Sandeep NAIR and Asha
Nair, Plaintiff,

v.

Dona COULTICE, et al.   Defendants.

No. 00CV2227 JM(DGA).

United States District Court,
S.D. California.

Aug. 13, 2001.

Peter N. Larrabee, Larrabee and Associates, San Diego, CA, for plaintiffs.

U.S. Attorney's Office Southern Division of California, Civil Division, San Diego, CA, for defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; TERMINATING ACTION

MILLER, District Judge.

Plaintiffs Sandeep and Asha Nair have brought a complaint for declaratory, mandamus and injunctive relief against Dona Coultice, the Director of the California

Service Center of the Immigration and Naturalization Service ("INS"), and Doris Meissner, the Commissioner of the Immigration and Naturalization Service. The parties have filed cross-motions for summary judgment. For the reasons set forth below, plaintiffs' motion is granted, and defendants' motion is denied.

## FACTUAL BACKGROUND

For purposes of this motion, the following facts are undisputed:

1. Plaintiff Sandeep Nair was first admitted to the United States as an H–1B nonimmigrant on August 23, 1994. Plaintiff Asha Nair was admitted on a H–4 dependent visa.

2. The INS initially authorized plaintiffs' admission to the United States until April 14, 1997.

3. Subsequently, the INS granted the following extensions of authorized admission.

a. On March 15, 1995, an extension of authorized admission until February 6, 1998;

b. On September 27, 1995, an extension of authorized admission until September 15, 1998;

c. On March 2, 1996, an extension of authorized admission until February 17, 1999; and

d. On or about August 23, 2000, an extension of authorized admission until August 23, 2000.

4. Plaintiff Sandeep Nair was absent from the United States 97 days between August 23, 1994 and April 14, 2000.

5. With respect to the final extension of authorized admission, plaintiffs requested an extension of 97 days beyond August 23, 2000.

## ANALYSIS

### Jurisdiction

As a preliminary matter, to the extent that plaintiffs are challenging defendants' interpretation of the relevant immigration statutes and regulations, the court has jurisdiction to review defendants' interpretation of the immigration laws pursuant to 28 U.S.C. § 1331. *See Paredes–Urrestarazu v. INS,* 36 F.3d 801, 807 (9th Cir. 1994).

### Standard of Review

■ The Administrative Procedures Act ("APA"), codified at 5 U.S.C. § 701 *et seq.,* "is not an independent grant of jurisdiction," *Cornejo–Barreto v. W.H. Seifert,* 218 F.3d 1004, 1015 (9th Cir.2000), but it does provide the framework for review of an agency decision. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. The reviewing court shall hold unlawful agency action that, *inter alia,* is "not in accordance with law." 5 U.S.C. § 706(2)(A).

### Does the Six–Year Period of Limitation on Plaintiff's Admission Include Time Spent Outside the United States?

■ The "period of authorized admission" for a nonimmigrant such as plaintiff "may not exceed 6 years." *See* 8 U.S.C. § 1184(g)(4). "Admission" is defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *See* 8

U.S.C. § 1101(a)(13)(A). The sole issue confronting the court is whether, as a matter of law, the 97 days spent outside of the United States should count toward the six-year limit on plaintiff's authorized admission.

The statute is silent as to how the six-year period should be calculated. In general, if a statute is silent or ambiguous with respect to the specific issue, the agency's position on the matter is entitled to deference. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, "[a]n agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held agency view." *I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 446 n. 30, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (quoting *Watt v. Alaska,* 451 U.S. 259, 273, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981)). *See also Seldovia Native Ass'n, Inc. v. Lujan,* 904 F.2d 1335, 1345 (9th Cir.1990) ("When an agency reverses a prior policy or statutory interpretation, its most recent expression is accorded less deference than is ordinarily extended to agency determinations."). Here, defendants do not deny that in the past the INS has tolled the six-year period during an alien's absence. Because defendants have failed to provide any explanation for the INS' change in policy, the court is not bound to construe the statute as defendants urge. *See Id.* (where an agency changes its position, the agency "will be required to show not only that its new policy is reasonable, but also to provide a reasonable rationale supporting its departure from prior practice").

Moreover, defendants' position appears to conflict with the INS' own regulations. Specifically, 8 C.F.R. § 214.2(a)(h)(13)(iii) provides that an H–1B alien "*who has spent six years in the United States ... may not seek extension,* change status, or be readmitted to the United States...unless the alien has resided and been physically present outside the United States ...for the immediate prior year." (emphasis added). Federal courts "need not defer to the BIA's reading of an INS regulation if an 'alternative reading is compelled by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's promulgation.'" *Lai v. I.N.S.,* 2001 WL 74058, *4, F.3d (9th Cir. July 3, 2001) (quoting *Thomas Jefferson University,* 512 U.S. at 512, 114 S.Ct. 2381 (in turn quoting *Gardebring v. Jenkins,* 485 U.S. 415, 430, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988))). Here, the plain language of the regulation would appear to compel the conclusion that the six-year period only includes time spent physically present in the United States. Moreover, as noted, this is the position the INS has taken in the past with respect to other aliens.

In sum, the court concludes that in light of (1) the statute's silence on the issue of how the six-year period set forth in 8 U.S.C. § 1184(g)(4) shall be determined; (2) the language of 8 C.F.R. § 214.2(a)(h)(13)(iii), which provides that the six-year period is based on time "spent ... in the United States"; (3) defendants' prior position on this issue; and (4) defendants' failure to explain the departure from the INS' previous practice, defendants unlawfully included the 97 days defendant Sandeep Nair was outside of the United States when calculating the six-year period in this case.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment is granted. Defendants' motion for summary judgment is denied. Defendants shall grant, *nunc pro tunc,* an extension of stay

**1212**

and eligibility for employment as an H–1B temporary worker to Sandeep Nair and an extension of stay in H–4 status to Asha Nair to November 28, 2000. Defendants are hereby enjoined from enforcing any provision of 8 U.S.C. § 1182(a)(9) against plaintiffs. The Clerk shall termination this action accordingly.

**IT IS SO ORDERED.**